UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20221-SEITZ

UNITED STATES OF AMERICA

vs.

JUAN ALEJANDRO RODRIGUEZ CUYA,

**Defendant.**
_____/

# ORDER

This matter is before the Court on the Government's Motion to Reconsider Jurisdictional Nature of Court's Order Denying Defendant's Motion for a New Trial [DE-282], to which Defendant has not responded. On October 19, 2017, Defendant filed a Motion for a New Trial Pursuant to Rule 33 [DE-275]. On November 16, 2017, the Court denied the Motion for a New Trial because the Court lacked jurisdiction while the case was on appeal. Defendant appealed the denial of his motion. Subsequently, the Government filed its Motion to Reconsider, asking the Court to issue a ruling indicating that if the Court of Appeals were to remand Defendant's pending appeal, this Court would grant the instant Motion to Reconsider and would amend its order denying the Motion for a New Trial to indicate that the Court would either deny the Motion for a New Trial on its merits or defer a decision on the motion.

The Government's Motion to Reconsider seeks relief pursuant to Federal Rule of Criminal Procedure 37(a), which states:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>     (1) defer considering the motion;
>     (2) deny the motion; or

> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Government argues that, pursuant to Rule 37(a), the Court could have and should have denied Defendant's Motion for a New Trial on the merits, not on jurisdictional grounds. Under Rule 37(a), the Court cannot grant the Motion to Reconsider. It can, however, state that if the Eleventh Circuit were to remand the case for purposes of addressing the Motion to Reconsider the Court would grant the Motion to Reconsider.

Defendant's Motion for a New Trial sought relief based on "newly discovered evidence." This evidence consisted of: (1) the travel records of Government witness Cinthya Vanessa Guerrero; (2) a transcript of a voice recording of Government witness Cinthya Vanessa Guerrero; (3) the travel records of Government witness Fernando Adrian Moio; and (4) the pay check of Government witness Pia Maribel Silva. In order to succeed on his Motion, Defendant:

> must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*United States v. Jernigan*, 341 F.3d 1273, 1287 (citation omitted). Defendant has not met his burden as to any of the proffered pieces of evidence.

As set out in more detail in the Government's response to Defendant's Motion for a New Trial, much of the new evidence Defendant relies upon is impeachment evidence and, given the evidence produced at trial, Defendant's new evidence probably would not have produced a different result. Further, most of the new evidence is not new and was available to Defendant before trial. Moreover, Defendant would like to use much of the evidence to challenge the

credibility of witnesses' testimony, testimony which he states he was surprised to hear at trial. Defendant had an opportunity to cross-exam the witnesses at trial. If he believed their testimony was false, he could have challenged it on cross-examination. Thus, Defendant has not shown that he should be granted a new trial. Consequently, if the Eleventh Circuit were to remand this case for purposes of the Motion for Reconsideration and Motion for a New Trial, the Court would grant the Motion for Reconsideration and deny the Motion for a New Trial on the merits. Accordingly, it is

ORDERED that if the Eleventh Circuit were to remand, the Court would GRANT the Government's Motion to Reconsider Jurisdictional Nature of Court's Order Denying Defendant's Motion for a New Trial [DE-282] and would DENY the Motion for a New Trial [DE-275] on its merits.

DONE AND ORDERED in Miami, Florida, this 22nd day of January, 2018.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

3