UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-CR-20221-SEITZ

UNITED STATES OF AMERICA

vs.

JUAN ALEJANDRO RODRIGUEZ CUYA,

**Defendant.**
_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION AND DENYING MOTION FOR NEW TRIAL

THIS MATTER is before the Court on the Mandate of the Eleventh Circuit Court of Appeals [DE 297] in which the Eleventh Circuit remanded this matter to the Court for the Court to (1) grant the Government's Motion to Reconsider Jurisdictional Nature of Court's Order Denying Defendant's Motion for a New Trial [DE 282] and (2) deny Defendant's Motion for New Trial Pursuant to Rule 33 [DE 275], as the Court previously indicated it would do in its January 22, 2018 Order [DE 283]. Based on the Eleventh Circuit's mandate, Federal Rule of Criminal Procedure 37, and Eleventh Circuit Rule 12.1-1, the Government's Motion to Reconsider is granted. Having considered Defendant's Motion for New Trial Pursuant to Rule 33, the Government's response, and Defendant's reply, the Motion for New Trial is denied on the merits.

### I. Procedural History

On October 19, 2017, Defendant filed a Motion for New Trial Pursuant to Rule 33 [DE 275]. On November 16, 2017, the Court denied that motion finding that it lacked jurisdiction because Defendant's appeal was still pending in the Eleventh Circuit Court of Appeals [DE 278]. The Government then filed its Motion to Reconsider Jurisdictional Nature of Court's Order

Denying Defendant's Motion for a New Trial [DE 282]. The Government argued that the Court should not have denied the Motion for a New Trial on jurisdictional grounds but instead should have ruled on the Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 37, which allows a Court, which lacks authority to grant a motion because of a pending appeal, to defer ruling on the motion, deny the motion, or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. In response to the Government's Motion for Reconsideration, the Court entered its January 22, 2018 Order stating that "if the Eleventh Circuit were to remand, the Court would GRANT the Government's Motion to Reconsider Jurisdictional Nature of Court's Order Denying Defendant's Motion for a New Trial [DE-282] and would DENY the Motion for a New Trial [DE-275] on its merits." On April 27, 2018, the Eleventh Circuit issued its mandate vacating the Court's Order Denying Defendant's Motion for a New Trial and granting the Government's motion for remand for consideration of the Government's Motion for Reconsideration and Defendant's Motion for a New Trial on the merits.

## II. Motion for Reconsideration

The Government's Motion to Reconsider Jurisdictional Nature of Court's Order Denying Defendant's Motion for New Trial seeks reconsideration of the Court's November 16, 2017 order because the Court denied the Motion for New Trial on jurisdictional grounds, instead of using the authority set out in Federal Rule of Civil Procedure 37 and Eleventh Circuit Rule 12.1-1 to deny the Motion for a New Trial on its merits. Based on the Eleventh Circuits' mandate and remand, it is clear that the Court has the jurisdiction to address the Motion for New Trial on its merits and will do so herein. Accordingly, the Motion to Reconsider is granted.

## III. Motion for New Trial

Defendant's Motion seeks a new trial on the basis of newly discovered evidence, specifically (1) the travel records of Government witness Cinthya Guerrero; (2) a voice recording of Cinthya Guerrero; (3) the travel records of Government witness Fernando Moio; and (4) the pay check of Government witness Pia Mirabel Silva. The Government maintains that Defendant has not met his burden for a court to grant him a new trial.

Motions for a new trial are "highly disfavored" and district courts "should use great caution in granting a new trial based on newly discovered evidence." *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (citations and internal quotation omitted). The Eleventh Circuit has set out the following standard for a new trial:

> To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*Jernigan*, 341 F.3d at 1287 (quoting *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999)).

### i. *The Travel Records of Government Witness Cinthya Guerrero*

At trial witness Cinthya Guerrero testified that she traveled to Peru in 2012 and visited Defendant's call center and observed that Defendant was in charge. Defendant has subsequently requested and received travel records from a Peruvian government agency which, he argues, indicate that Guerrero was not in Peru in 2012. The record is attached to Defendant's motion as Exhibit 1. Thus, Defendant maintains that Guerrero perjured herself which effected the outcome

3

of the trial. In response, the Government points out that Defendant did not attach the entire certificate as an exhibit to his motion and that the back of the certificate indicates that there is a possibility that the information contained on the certificate is incomplete. The Government has attached the complete certificate to its response as Exhibit 4. The Government further contends that because Defendant did not believe Guerrero's testimony at the time of trial, he could have cross-examined her during trial on this issue but did not.

As to this evidence, Defendant has failed to meet three of the requirements set out above. First, he has failed to show that his failure to discover the travel record was not due to a lack of diligence. In fact, Defendant offers no reason why he did not have this evidence earlier. Second, Defendant has not shown that the evidence is anything more than impeachment evidence. Third, Defendant has failed to show that had the certificate been used at trial that a different outcome would have been likely. Defendant, who states he was surprised by Guerrero's testimony, had the opportunity to question Guerrero about her travels on cross examination and did not. Further, given the other evidence presented at trial that Defendant was in charge of the Peruvian call center, including extensive emails and other witness testimony all indicating that Defendant managed the call center, it is unlikely the possible impeachment of Guerrero would have led to a different outcome.

### ii. *The Voice Recording of Cinthya Guerrero*

After trial, Defendant maintains that his wife called Guerrero and recorded their conversation, in which Guerrero admitted that she never visited the call center in Peru and stated that an American had told her to say that she had. Defendant has attached a transcript of the alleged phone call as Exhibit 2 to his motion. Although Defendant contends that the call was

4

consensually recorded, there is nothing in the transcript indicating that Guerrero knew she was being recorded. As a result, the Court cannot consider this evidence.

Even if the Court could consider the transcript of the phone call, as Defendant argues in his reply, it would not help Defendant. Based on the contents of the transcript that are before the Court, the transcript, at best, is the basis for impeachment. As set out above, any new evidence sufficient to grant a new trial cannot be merely impeachment evidence. Further, given the other evidence against Defendant, Defendant has not shown how the contents of this call would have resulted in a different outcome at trial.

### *iii. The Travel Records of Government Witness Fernando Moio*

Government witness Fernando Moio testified that he visited Peru in 2010, 2011, and 2012. He further testified that when he visited the call center Defendant appeared to be in charge. Defendant has subsequently requested and received travel records from a Peruvian government agency which, he argues, indicate that Moio was not in Peru during the key time period, between October 2012 and January 2014. Defendant argues that the travel records indicate that Moio perjured himself and, if such perjury had been known to the jury the outcome of the trial would have been different.

Again, Defendant has failed to meet three of the requirements set out above. First, he has failed to show that his failure to discover the travel record was not due to a lack of diligence. In fact, Defendant offers no reason why he did not have this evidence earlier. Second, he has failed to show how the travel records are anything more than impeachment evidence. Third, Defendant has failed to show that had the travel record certificate been used at trial that a different outcome would have been likely. Defendant, who states he was surprised by Moio's testimony, had the
5

opportunity to question Moio about his travels on cross examination and did not. Additionally, evidence produced to Defendant prior to trial includes emails that support Moio's testimony that he visited Peru in 2012. The emails are attached to the Government's response as Exhibit 1. Moreover, given the other evidence presented at trial that Defendant was in charge of the Peruvian call center, including extensive emails and other witness testimony all indicating that Defendant managed the call center, it is unlikely the possible impeachment of Moio would have led to a different outcome.

Defendant also argues that Moio had incentive to lie during his trial testimony because of a prior immigration-related conviction. Defendant, however, knew of this conviction prior to trial, and actually used it in an attempt to impeach Moio. Thus, the conviction is not new evidence and would not have changed the outcome of the trial.

### iv. *The Paycheck of Government Witness Pia Mirabel Silva*

Finally, Defendant argues that witness Pia Mirabel Silva perjured herself when she testified that she resigned from his mother's company before Christmas in 2013. Defendant claims that his wife has subsequently found a paycheck from the company made out to Silva covering the time period from December 23, 2013 to January 4, 2014. Defendant argues that this information would have changed the result of the trial.

However, again, Defendant cannot meet most of the requirements for a new trial based on newly discovered evidence, namely, that his failure to discover the evidence was not due to a lack of due diligence, that the evidence is not merely cumulative or impeaching, is material to the issues before the Court, and is such that a new trial would probably produce a different result. First, Defendant has not explained why he could not access or did not have Silva's last paycheck.

While Defendant argues that Silva worked for a different company, the company was run by Defendant's mother. More importantly, Defendant has not shown that the exact date on which Silva stopped working is material in any way to the issues before the Court. At best, the alleged discrepancy in Silva's dates of employment would serve as impeachment evidence. However, given the amount of evidence against Defendant, the paycheck would not have changed the outcome of the trial.

**IV. An Evidentiary Hearing is Not Warranted**

Defendant also seeks an evidentiary hearing on his motion. Generally, "a motion for new trial may ordinarily be decided upon affidavits without an evidentiary hearing." *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977).[1] This is because a judge's knowledge gained from presiding over the trial makes her well qualified to rule on a motion for new trial based on affidavits and without a hearing. *United States v. Schlei*, 122, F.3d 944, 994 (11th Cir. 1997). As a result, the Court finds an evidentiary hearing unwarranted here. Defendant has simply not presented any evidence that would require the Court to hold an evidentiary hearing.

Accordingly, it is,

ORDERED that:

1. The Government's Motion for Reconsideration [DE 282] is GRANTED.

2. The Court's November 16, 2017 Order Denying Defendant's Motion for New Trial [DE 278] is VACATED.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3. Defendant's Motion for New Trial Pursuant to Rule 33 [DE 275] is DENIED.

DONE and ORDERED in Miami, Florida this 17th day of May, 2018.

*(signature)*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record