UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-20221-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN ALEJANDRO RODRIGUEZ CUYA,

    Defendant.
_____/

## ORDER DENYING, AS MOOT, DEFENDANT'S MOTION TO UPDATE RESTITUTION AND DENYING DEFENDANT'S AND GOVERNMENT'S REQUEST TO MODIFY RESTITUTION ORDER

This matter is before the Court upon Defendant Juan Alejandro Rodriguez-Cuya's two *pro se* Motions: Motion to Update/Reduce Restitution [DE 401] and Motion to Modify Restitution [DE 417]. For the following reasons, both Motions are denied.

Defendant's first motion requests that the total amount of restitution he owes be updated to reflect the sale of a forfeited property. Because the Government has agreed to update the restitution amount to reflect the proceeds from the sale of the house [DE 428], his Motion to Update is denied as moot.

Defendant's second Motion requests that his restitution debt be cancelled entirely because he has defaulted on that debt. In its opposition, the Government asks that Defendant be required to pay an additional $100.00, per month towards his restitution debt or be required to pay the entire amount immediately [DE 404, 408, 421, 423]. Because neither Cuya nor the Government have presented a

sufficient change in circumstances to warrant a modification in the Court's original Restitution Order, both Parties' requests are denied. However, because the Defendant presently receives $100 monthly in his inmate account from his father, so long as he continues to receive this amount, it would appear a small increase in his quarterly remittances is appropriate to reduce the outstanding $2,600 assessment which at sentencing was ordered to be paid immediately.

## I. Background

On January 27, 2015, Defendant Cuya was sentenced to 210 months' imprisonment for mail and wire fraud related to a telephone scam. As part of his sentence, pursuant to the Mandatory Victims' Restitution Act ("MVRA"), Defendant and his co-Defendant mother were ordered to pay $212,545.00 in restitution, jointly and severally and Defendant was assessed a $2600.00 assessment, payable immediately [DE 216]. The Court also entered an Order of Forfeiture for the Defendant's mother's residence [DE 255].

## II. Pending Motions

### A. *Motion to Update Restitution*

Cuya requests that his restitution balance be updated to reflect the sums the Government realized from the sale of his co-defendant mother's forfeited house [DE 401]. The Government forwarded $41,310.59 from the sale of that home to the sums owed to the victims [DE 428].[1] The Government has also agreed to forward

---

[1] The Government explained that once fees were assessed, $41,310.59 remained from the $50,000.00 sale of the forfeited property.

the $2838.18 in interest on that sum for disbursement to the victims. Thus, Defendant's Motion to Update Restitution is moot, as all sums from the sale of the house, including accumulated interest, are being applied to his restitution debt. Therefore, this motion is denied.

> B. *Motion to Modify Restitution*

Defendant requests that the Court modify or cancel his restitution due his inability to make payments on the owed sums and his default on that debt. He states that he is enrolled in the BOP's financial responsibility program and pays $25.00 per quarter towards his financial obligations [DE 417 at 1-2].

The Government responds that because Defendant receives $100.00 a month from his father, pursuant to 18 U.S.C. § 3664(k), this constitutes a material change in the Defendant's economic circumstances that affects his ability to pay restitution. The Government requests that the current payment schedule be adjustment to require the Defendant to make regular payments towards restitution or to pay the entire restitution amount in full. For the following reasons, both Parties' request to modify the current restitution Order and payment schedule are denied.

The MVRA requires district courts to order full restitution in fraud and deceit offenses without regard to the defendant's economic circumstances. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii); 18 U.S.C. § 3664(f)(1)(A). This statute, however, permits modification of a restitution order upon a showing of a material change in the defendant's circumstances from any source, including inheritance, settlement, or other judgment, during a period of incarceration. 18 U.S.C. § 3664(k). Modification

3

under this provision requires a "bona fide change in the defendant's financial condition." See *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003).

Defendant's current inability to pay restitution in full is due to his incarceration. That impediment will be removed upon his release from prison.[2] There has been no change to the Defendant's economic status since sentencing, and the Judgment reflects that the Court was aware at that time that the Defendant would not be earning income, other than through a prison UNICOR job.

Although, Defendant receives $100 a month from his father this sum does not constitute a material change in financial circumstances that warrant a modification of the periodic payments schedule in Restitution Order. First, there is no indication that Defendant's father will continue to give him $100 monthly and the Court does not have the authority to order his father to do so. Thus, this is not a case where the Government seeks to apply a sum already accumulated in a defendant's prison account towards a restitution debt. See e.g., *United States v. Giles*, 819 Fed. Appx. 899, *1 (11th Cir. 2020) (citing § 3664(n) and affirming court's order instructing BOP to remit money in inmate's account to pay restitution that was due immediately); *United States v. Baxter*, 694 Fed. Appx. 762 (11th Cir. 2017) (affirming, under section 3664(n), the removal of funds from the defendant's inmate account to reduce his criminal fine). Here, the Government has only requested that

---

[2] According to the Bureau of Prisons website, Defendant is scheduled to be released from prison in December of 2028. See: https://www.bop.gov/inmateloc (last checked June 30, 2021).

the Defendant be required to pay restitution from a monthly amount that he may or may not receive from his father.

Second, the $100 Defendant receives monthly from his father does not constitute "substantial resources" as contemplated by 18 U.S.C. § 3664(n). This case does not involve an inheritance, settlement or judgment. Although the accumulation of money in an inmate account may be considered substantial resources in certain circumstances, here, the Government has not alleged that Defendant currently holds such substantial sums in his account. *See, e.g.*, *United States v. Giles*, 819 Fed. Appx. at 900 (citing § 3664(n) and characterizing $6,954.67 in inmate account as a substantial resource).

Finally, Defendant's purported default does not provide a basis to terminate, as Defendant requests, or accelerate, as the Government requests, his restitution payments.[3] The Restitution Order did not require Defendant to pay the restitution amount immediately. Rather, Defendant is required to pay 50% of the wages earned through a Federal Prison Industries (UNICOR) job and to pay $25 per quarter for wages earned in a non-UNICOR job. Defendant states that he pays $25.00 a quarter and is enrolled in the BOP financial responsibility program [DE 408 at 1-2]. He states that he does not know how the money he pays is disbursed. The Government has not offered any evidence to dispute this and it is unclear from

---

[3] Defendant incorrectly contends that if his restitution debt is extinguished, the victims will not be deprived of their restitution because the Government will compensate the victims from the sale of the forfeited house. Based on the undisputed record, the outstanding restitution will only be decreased by $41,310.59 plus interest from the house sale proceeds. Thus, more than $170,000 in restitution remains due even after the proceeds are applied.

5

the Parties' submissions if the Defendant currently works in a UNICOR job or another job at the prison and how much he makes in that job. Thus, there is no evidence in the record that the Defendant is in violation of this Court's Judgment as it pertains to paying his restitution debt.[4] As such, the Parties' requests to modify the Restitution Order due to Defendant's default are denied. Therefore, it is

**ORDERED** that:

1. Defendant Juan Alejandro Rodriguez-Cuya's *pro se* Motion to Update/Reduce Restitution [DE 401] is **DENIED**, as moot;

2. Defendant's Motion to Modify Restitution [DE 417] is **DENIED**.

**DONE and ORDERED** at Miami, Florida, this 13th day of July, 2021.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

---

[4] If the Defendant is not making payments consistent with this Court's Judgment, he shall immediately request that appropriate wages be withheld. In other words, if the Defendant is working in a UNICOR job, he must pay 50% of the wages earned towards his financial obligations, and shall alert the appropriate prison official to adjust his deductions, if necessary, to comply with the Court's Judgment.